IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERMAINE TRAVIS,             ) | |
| ) | Civil Action |
| Plaintiff,            ) | No. |
| ) | |
| v.                                      ) | |
| ) | |
| NUTRACAP LABS, LLC,    ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant.          ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Termaine Travis ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Nutracap Labs, LLC ("Defendant"), and states as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for retaliation against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and 42 U.S.C. § 1981.

1

## JURISDICTION

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

## VENUE

3.

The unlawful employment practices alleged in this Complaint were committed within this district. Thus, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a Georgia resident and subject to jurisdiction in this Court.

5.

At all times relevant to this action, Defendant has been doing business within this district. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

## ADMINISTRATIVE PROCEDURES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

7.

Upon Plaintiff's request, on August 7, 2020, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

9.

Plaintiff began his employment with Defendant in February 2020 as a production worker on the day shift. Plaintiff is an African American male.

10.

Line lead, Ruben, and his wife, Natty, worked on the same line as Plaintiff. Within the first two weeks of my employment, Ruben and Natty, both Hispanic, began calling Plaintiff lazy. Natty would regularly tell Plaintiff and his co-workers that Plaintiff was lazy, and that she did not want to work with people of his color (African American/black). Natty would direct Plaintiff to leave the line and have him do busy work.

11.

On or about May 11, 2020, Plaintiff complained to Daisy Leath, Human Resources, about Natty's ongoing racist remarks. Leath said she would talk to Natty. Leah also told Plaintiff he should not have to put up with that and went on to say another production worker had also complained to her about their racism.

12.

Leah subsequently moved Plaintiff to the capsule line to work with Rebekah. Rebekah, also Hispanic, told Plaintiff she did not need him. Plaintiff complained to Daisy that Rebekah would not let him work on her line and discussed the racism and continued discrimination. During that meeting, Leah said she had heard there had been a previous issue with Ruben being racist.

13.

Plaintiff was then moved to Alexa Barahona's line, also Hispanic. On or about May 15, 2020, Plaintiff was terminated.

14.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation.

15.

Defendant terminated Plaintiff for engaging in protected activity.

16.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## **CLAIM FOR RELIEF**

## **COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

17.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

18.

Plaintiff's complaints and opposition to sexual harassment/gender discrimination constitute protected activity under Title VII.

19.

Defendant subjected Plaintiff to adverse action, specifically termination, because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

20.

There was a causal connection between the protected conduct and the termination of Plaintiff's employment.

21.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

22.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

23.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

24.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

25.

Plaintiff's complaints and opposition to racist conduct constitute protected activity under 42 U.S.C. § 1981. Plaintiff is African American and black in color.

26.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

27.

Plaintiff performed his contractual obligations.

28.

42 U.S.C. § 1981 prohibits Defendant from retaliation against Plaintiff for engaging in protected activity.

29.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

30.

There was a causal connection between the protected conduct and the adverse action of termination.

31.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

32.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

33.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) That judgment be entered against Defendant on Plaintiff's claim;

(b) That general damages be awarded for mental and emotional suffering;

(c) Punitive damages against Defendant based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Lost wages and other economic damages against Defendant;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) Attorneys' fees and expenses of litigation from Defendant pursuant to applicable law;

(j) All equitable relief available, including reinstatement or front pay in lieu thereof;

(k) All other relief to which he may be entitled.

This 11th day of August, 2020.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com